NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANABELLY SUSANA BAUTISTA-
VASQUEZ; et al.,

                    Petitioners,

    v.

JAMES R. MCHENRY III, Acting Attorney
General,

                    Respondent.

No. 23-1988

Agency Nos.
A215-702-671
A215-702-670

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2025[**]

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

    Anabelly Susana Bautista-Vasquez and her minor son, natives and citizens

of Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioners failed to establish any nexus at all, they also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We do not consider petitioners' newly-raised particular social group because the BIA did not address it, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and petitioners do not contend the BIA erred in finding this claim was not properly before it, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We do not address petitioners' contentions as to whether their past harm rose to the level of persecution, the Guatemalan government's inability or unwillingness

to protect them, or their ability to relocate within Guatemala because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez*, 657 F.3d at 829.

Thus, petitioners' asylum and withholding of removal claims fail.

Because petitioners do not challenge the agency's denial of CAT protection, we do not address it. *See Lopez-Vasquez*, 706 F.3d 1079-80.

**PETITION FOR REVIEW DENIED.**